**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

EXECUTIVE RISK INDEMNITY, INC.,

        Plaintiff,

v.                                CIVIL ACTION NO. 2:08-cv-00810

CHARLESTON AREA MEDICAL CENTER, INC., et al.,

        Defendants.

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant Charleston Area Medical Center, Inc.'s Motion to Amend Its Counterclaim Against Executive Risk Indemnity, Inc. ("Motion to Amend" [Docket 175]). For the reasons discussed below, the Motion is **DENIED**.

**I.    Factual & Procedural Background**

This declaratory judgment action was filed on June 4, 2008. On April 21, 2009, after numerous stays and extensions of time, defendant Charleston Area Medical Center, Inc. ("CAMC") filed its Answer, Counter-Claim and Cross-Claim [Docket 49]. On March 8, 2010, the court amended the scheduling order in this case and ordered that amended pleadings were due by March 11, 2010 [Docket 134]. CAMC's Motion to Amend, filed on August 27, 2010, is more than five months overdue.[1]

---

[1] CAMC's own motion reflects that the deadline to amend the pleadings was January 4, 2010, making the motion seven months overdue. (Mot. Amend. ¶ 8.) This is incorrect. (See Order of March 8, 2010 [Docket 134].)

CAMC seeks to amend the counterclaim against plaintiff Executive Risk Indemnity, Inc. ("ERI") by adding two new counts asserting violations of the West Virginia Unfair Trade Practices Act ("UTPA") and common law bad faith. CAMC contends that it has acted in a prompt and non-dilatory manner in seeking to amend its counterclaim. Furthermore, CAMC asserts that amending the counterclaim will not prejudice the defendants or have any negative impact on or delay in the disposition of this case. In response, ERI contends that CAMC has unduly delayed in filing the motion to amend, without good cause, and that the proposed amendments are futile, and would unduly prejudice ERI. ERI also claims that "CAMC's alleged claims arise from evidence and information that it has possessed since the inceptions of this litigation." (Plf.'s Mem. Opp. Mot. Amend Counterclaim at 6.) In reply, CAMC asserts that "discovery revealed that ERI had violated the Unfair Trade Practices Act, as well as committed common law bad faith." (CAMC's Reply Plf.'s Mem. Opp. Mot Amend Counterclaim at 2.) CAMC contests ERI's allegation that CAMC possessed all of the current information at the time of the filing of the counterclaim, instead asserting that ERI possessed the information and concealed it from CAMC to CAMC's detriment. (Id. at 6.) CAMC asserts that there was no undue delay, and that the delay was actually caused by ERI's delays in providing CAMC with requested documents, requiring them to file a motion to compel, and then only complying on the eve of the hearing. (Id. at 7.) Finally, CAMC claims that allowing the amendment of its counterclaim will not cause actual prejudice, because ERI has always been in possession of the facts upon which CAMC bases its two additional causes of action. (Id.)

**II.    Discussion**

CAMC requests leave to amend its counterclaim against ERI "pursuant to Rule 15 of the Federal Rules of Civil Procedure." (Mot. Amend. at 5.) While Rule 15(a)(2) of the Federal Rules

of Civil Procedure provides that amendment should be freely given "when justice so requires," Rule 16(b)(4) authorizes modification of a scheduling order "only for good cause and with the judge's consent." Indeed, "a scheduling order is the critical path chosen by the trial judge and the parties to fulfill the mandate of Rule 1 in 'secur[ing] the just, speedy, and inexpensive determination of every action.'" *Marcum v. Zimmer*, 163 F.R.D.250, 253 (S.D.W. Va. 1995)(Haden, C.J.)(citing Fed.R.Civ.P. 1). This court has previously explained that to amend a pleading after the time for such amendment has passed in the scheduling order, the party seeking amendment must, in addition to satisfying Rule 15, satisfy the "good cause" standard of Rule 16. Regarding Rule 16's "good cause" standard, this court has stated that

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.

*Stewart v. Coyne Textile Services*, 212 F.R.D. 494, 496 (S.D. W. Va. 2003)(internal quotation marks and alterations omitted).

I find that CAMC has failed to meet Rule 16's "good cause" standard. Although CAMC points to ERI's refusal to produce certain portions of the claim file as reason for the delay, CAMC has not shown that *any* information in the belatedly-disclosed documents supports the proposed new UTPA and bad faith claims. Instead, CAMC's motion and proposed Amended Counterclaim rely solely upon information learned during two depositions that took place in April of 2010. Not until four months after those depositions were taken did CAMC request that this court allow them to amend their counterclaim. Furthermore, CAMC has offered no rational explanation for the delay.

CAMC claims that it "acted affirmatively and diligently to discover the facts . . . and moved to amend its counterclaim in a timely manner — as soon [as] testimony and evaluation brought to light the basis for the additional claims." (CAMC's Reply Plf.'s Response Mot. Amend. at 5.) A review of CAMC's motion reveals that the depositions at issue took place on April 29 and 30, 2010. CAMC states that it "did not receive the subject deposition transcripts until May of 2010," and that after receiving the transcripts "counsel spent time reviewing" them. (Id. at 4.) After that review, "the transcripts were then forwarded to CAMC's expert, who reviewed them, in addition to the claim file, in order to formulate [] opinions on the circumstances of the present case." (Id. at 5.) In July (two months later) "CAMC's experts were ready to discuss the case with CAMC's counsel and, upon meeting with its experts, CAMC was advised of the foundation for both the violation of the UPTA and the common law bad faith claims." CAMC then waited at least another month to file the Motion to Amend, although ERI was allegedly advised of CAMC's intent to do so on August 6 during an unrelated deposition in this case. (Id.) Such a lackadaisical approach is inconsistent with the diligence required for a showing of good cause under Rule 16. *Stewart*, 212 F.R.D. at 496. The plaintiffs have unduly delayed their motion, and "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." Charles Alan Wright, Arthur R. Miller, & Mary Kane, 6 Fed. Prac. & Proc. Civ. § 1488 (2d. ed. 1990).

Although "[d]elay alone, without prejudice, does not support the denial of a motion for leave to amend,"[2] *Deasy v. Hill*, 833 F.2d 38, 41 (4th Cir. 1987), adding two new and substantially

---

[2] Not all circuit courts agree. *See, e.g., Steir v. Girl Scouts of the* USA, 383 F.3d 7, 12 (1st Cir. 2004) ("[P]rotracted delay, with its attendant burdens on the opponent and the court, is itself (continued...)

different causes of action when discovery is almost complete will also prejudice ERI. ERI contests CAMC's claim that the "amended counterclaim against ERI will not have any negative impact on or delay in the disposition of this case" (Mot. Amend. at 4 - 5) and correctly asserts that ERI would have to expend additional resources to defend these substantially different claims, and would not be able to fairly respond to the claims before the upcoming trial.

This case has consumed a substantial amount of the court's, and the parties', time and resources, and "[b]elated claims which change the character of litigation are not favored." *Deasy*, 833 F.2d at 42. For the foregoing reasons, Charleston Area Medical Center, Inc.'s Motion to Amend Its Counterclaim Against Executive Risk Indemnity, Inc. [Docket 175] is thus **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 19, 2010

Joseph R. Goodwin, Chief Judge

---

[2](...continued)
a sufficient reason for the court to withhold permission to amend."); *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 133 (10th Cir. 1987) (holding that "undue delay" alone is sufficient grounds to deny leave to amend).