**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

EXECUTIVE RISK INDEMNITY, INC.,

                Plaintiff,

v.                               CIVIL ACTION NO. 2:08-cv-00810

CHARLESTON AREA MEDICAL CENTER, INC., et al.,

                Defendants.

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant Charleston Area Medical Center, Inc.'s Motion to Strike Expert Witness Disclosure and Exclude Expert Witness Spiro K. Bantis, Esq. ("Motion to Strike" [Docket 195]). For the reasons discussed below, the Motion is **DENIED**.

**I.  Factual & Procedural Background**

This declaratory judgment action was filed on June 4, 2008. The Court entered its Second Amended Scheduling Order on October 6, 2010, providing the following schedule for the disclosure of expert witnesses:

> The party bearing the burden of proof on an issue shall make the disclosures of information required by Fed. R. Civ. P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than ***October 11, 2010***. The party not bearing the burden of proof on an issue shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than ***November 8, 2010***. All parties shall provide the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party under Fed. R. Civ. P. 26(a)(2)(B), no later than ***November 25, 2010***.

(Second Am. Sched. Ord. [Docket 184] at 1 (emphasis added).)

On October 20, 2010, plaintiff Executive Risk Indemnity, Inc. ("ERI") filed an Amended Expert Witness Disclosure Pursuant to Fed. R. Civ. P. 26(a)(2), in which it asserts that defendant Charleston Area Medical Center ("CAMC") "has the burden to prove the existence of coverage for the entire damages award entered against CAMC in the *Hamrick* damages litigation" (which is the underlying litigation giving rise to the instant suit). (Plf.'s Am. Expert Witness Disc. Pursuant to F.R.C.P. 26(a)(2) [Docket 195-1] ("Amended Disclosure") at 1.) The plaintiff stated that it was thus not required to disclose its expert witnesses by October 20, 2010[1], but further stated that "because the Court has not made a specific ruling as to the burden of proof in this case, and recognizing that Executive Risk is the named Plaintiff, Executive Risk, without waiving its right to assert that CAMC has the burden of proof as outlined above, identifies" Spiro K. Bantis, Esq., as an expert witness, briefly describing the issues about which Mr. Bantis will testify.

On November 2, 2010, defendant CAMC moved the court for an order striking the Amended Disclosure and requesting that the court exclude Mr. Bantis as an expert in this case, because the Amended Disclosure "fails entirely to comply with the Court's scheduling order and the plain requirements of Rule 26(a)." (CAMC's Mot. Strike Expert Witness Disc. and Exclude Expert Witness [Docket 195] ("Motion to Strike"), at 1.) The Memorandum in Support of the Motion to Strike asserts that the Amended Disclosure "contains *no* opinions at all and certainly does not comply in any fashion with the Federal Rules," and that it "fails to put CAMC on notice of any

---

[1] The parties operate as if the party bearing the burden of proof on an issue was required to make the disclosures of information required by Fed. R. Civ. P. 26(a)(2)(A) and (B) by October 20, 2010, but the Second Amended Scheduling Order makes clear that the deadline for those submissions was October 11, 2010.

opinions Mr. Bantis may offer at trial, thus effectively defeating" the purpose of Rule 26(a)(2) disclosures.

On November 11, 2010, in response, plaintiff ERI asserted that its failure to attach an expert report to the Amended Disclosure was harmless, and has been cured by the plaintiff's subsequent filing of the "Expert Witness Report of Spiro K. Bantis" on November 8, 2010. (ERI's Br. Opp. CAMC's Mot. Strike, [Docket 200] at 1; Expert Witness Report Spiro K. Bantis [Docket 200-1] ("Bantis Report").)  The plaintiff also reasserted its contention that it does not bear the burden of proof on the issues to which Mr. Bantis will testify, and thus that its November 8 filing was proper under the Court's Second Amended Scheduling Order.  Further, the plaintiff asserted that even if it does bear the burden of proof, its failure to comply was harmless and ERI should not be sanctioned.    CAMC filed a reply on November 22, 2010, which, though untimely, the court will consider.  CAMC argued that if ERI believed it did not bear the burden of proof, it should not have filed the Amended Disclosure on October 20, and instead should have "forego[ne] any expert disclosure until the date required by the scheduling order" for the party not bearing the burden of proof. (CAMC's Reply Supp. Mot. Strike [Docket 202] at 1.)  CAMC disputed ERI's assertion that it does not bear the burden of proof on the issues in the Bantis Report, but posited that "ultimate resolution of the . . . burden of proof issue is premature at this point." (*Id.*)  This matter is ripe for review.

## II.     Discussion

The parties have correctly noted that the Court has not ruled as to which party bears the burden of proof of providing coverage for the jury verdict rendered in the underlying *Hamrick* litigation.  The coverage issue is not trivial, but rather is of central importance to the suit.  It would

-3-

be inappropriate to decide such a central question at this juncture. Nevertheless, the Court is satisfied that even if it later finds that the plaintiff, ERI, does bear the burden of proof on the issues in the Bantis Report, its untimely submission of the report falls short of the types of failures subject to sanctions (striking the disclosure and excluding the expert witness) contemplated by Fed. R. Civ. P. 37(c)(1).

Rule 37 of the *Federal Rules of Civil Procedure* permits the court to punish deliberate noncompliance with the federal rules of discovery. The plaintiff correctly points to the Fourth Circuit's standard for excluding evidence pursuant to Fed. R. Civ. P. 37(c) in the case of *Southern States Rack and Fixture, Inc. v. Sherwin Williams Co.*, 318 F.3d 592 (4th Cir. 2003). When deciding whether or not to exclude untimely evidence by experts, this court must consider the following five factors:

> (1) The surprise to the party against whom the evidence would be offered;
> (2) The ability of that party to cure the surprise;
> (3) The extent to which allowing the evidence would disrupt the trial;
> (4) The importance of the evidence; and
> (5) The non-disclosing party's explanation for its failure to disclose the evidence.

*Id.* at 596 (quotations omitted).

The first three factors weigh in favor of allowing the disclosure and denying the motion to strike and exclude Mr. Bantis' testimony. First, the plaintiff asserts that "CAMC cannot claim surprise at the opinions expressed in the Bantis Report when they directly address the main issues on which both Executive Risk and CAMC were attempting to obtain testimony during discovery in this matter." (ERI's Br. Opp. CAMC's Mot. Strike at 5.) The court is inclined to agree. CAMC filed its Motion to Strike before receiving the Bantis Report, but fails in reply to respond to the plaintiff's argument that the subsequently-disclosed "Bantis Report does not introduce any novel

theories to this action, but rather discusses the same issues repeatedly brought up through interrogatories and depositions." (*Id.* at 3.) The issues raised in the Bantis Report (the no duty to defend policy, and ERI's involvement and control of the litigation) have clearly been the focus of this litigation and of discovery, and CAMC cannot (and does not) claim to be surprised by their inclusion in the report. Second, any surprise was cured by ERI's filing of the Bantis Report on November 8, 2010. Third, the parties have recently requested and the court has granted an extension of the trial date in this matter to May 3, 2011, more than five months away, and discovery is not yet complete. Denying CAMC's motion will cause no disruption of trial.

      The final two factors are less clear. At this stage, the court cannot determine the importance or the admissibility of Mr. Bantis' testimony. Finally, ERI's only explanation for its November 8 filing of the Bantis report is undercut by its October 20 filing of the Amended Disclosure. Filing the Amended Disclosure, itself nine days late under the Second Amended Scheduling Order, indicates an uncertainty that would have perhaps more prudently been addressed by a timely filing containing the aforementioned assertion that ERI did not, in fact, bear the burden of proof on the issues contained in the report. Nonetheless, this failure alone, in light of the other factors considered above, does not support sanctioning ERI under Rule 37(c).

      For the foregoing reasons, Charleston Area Medical Center, Inc.'s Motion to Strike Expert Witness Disclosure and Exclude Expert Witness Spiro K. Bantis, Esq. is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

      ENTER:      November 23, 2010

*Joseph R. Goodwin, Chief Judge*

-5-