IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

EXECUTIVE RISK INDEMNITY, INC.,

           Plaintiff,

v.                                                    CIVIL ACTION NO. 2:08-cv-00810

CHARLESTON AREA MEDICAL CENTER, INC., et al.,

           Defendants.

**MEMORANDUM OPINION & ORDER**

**I.**      **Background**

Pending before the court is defendant Charleston Area Medical Center, Inc.'s ("CAMC") Motion to Stay the Time for Appeal [Docket 262]. On May 12, 2011, this court entered a Memorandum Opinion and Order [Docket 258] that disposed of all of the remaining issues in the case. Also on May 12, this court entered a Judgment Order [Docket 259], in accordance with the Memorandum Opinion and Order, directing that judgment be entered in favor of Charleston Area Medical Center, Inc. with respect to plaintiff Executive Risk Indemnity Inc.; that judgment be entered in favor of cross-defendant Employers Reinsurance Corporation (now known as Westport Insurance Corporation) with respect to cross-claimant Charleston Area Medical Center, Inc.; that judgment be entered in favor of Employers Reinsurance Corporation (now known as Westport Insurance Corporation) as to plaintiff Executive Risk Indemnity Inc., and that the case be dismissed and stricken from the docket of this Court.

On May 25, 2010, CAMC filed a timely Motion for Attorneys' Fees and Costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure [Docket 260]. Thereafter, on June 7, 2011, CAMC filed the instant Motion to Stay the Time for Appeal, arguing that this court should stay the time for appeal until the attorneys' fees issue has been resolved, facilitating a single appeal that would cover both the disposition of the merits and the disposition of the attorneys' fees issue. (Mem. Supp. Mot. Stay Time Appeal [Docket 263], at 2-3.)

## II.    Discussion

Ordinarily, a notice of appeal must be filed "with the district clerk within 30 days after the judgement or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). If, however, "a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59." Fed. R. Civ. P. 58(e). Federal Rule of Appellate Procedure 4(a)(4) provides that "the time for appeal runs for all parties from the entry of the order disposing of the last [. . .] remaining motion [. . .] for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58." *Id.* The purpose of this mechanism is to increase judicial efficiency by enabling an appellate court to consider an appeal related to a fee award and an appeal related to the merits at the same time. Fed. R. Civ. P. 58(e) advisory committee's notes (1993 Amendments). *See also* 15B Charles Allen Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3915.6 (2d ed. & Supp.2011) (Federal Rule of Civil Procedure 58(e) and Federal Rule of Appellate Procedure 4(a)(4) reflect the intention that "district courts should act to facilitate a single appeal that covers both disposition on the merits and disposition of attorney fee issues."). Accordingly, if the court grants CAMC's

motion, the period for filing a notice of appeal of the judgment will not begin to run until the court disposes of the last motion for attorneys' fees and costs.

CAMC's motion for attorneys' fees and costs was timely filed, and its motion to stay the time for appeal was filed before a notice of appeal was filed or became effective in this case. Further, it may indeed be "more efficient to decide fee questions before an appeal is taken" in this case, "so that appeals relating to the fee award can be heard at the same time as appeals relating to the merits of the case." Fed. R. Civ. P. 58(e) advisory committee's notes (1993 Amendments). Accordingly, CAMC's Motion to Stay the Time for Appeal [Docket 262] is hereby **GRANTED**, and it is hereby **ORDERED** that CAMC's Motion for Attorneys' Fees and Costs be treated as a timely motion under Rule 59, pursuant to Federal Rule of Civil Procedure 58(e) and Federal Rule of Appellate Procedure 4(a)(4).

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 8, 2011

Joseph R. Goodwin, Chief Judge